```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**CHRISTOPHER M. KEARNS,**

                      **Plaintiff,**

        v.                          CASE NO. 05-3491-SAC

**JOHNSON COUNTY ADULT**
**DETENTION CENTER, et al.,**

                      **Defendants.**

## O R D E R

This is a civil rights complaint, 42 U.S.C. 1983, filed by an inmate of the Johnson County Adult Detention Center, Olathe, Kansas (JCADC). Named as defendants are the JCADC, the Neosho County Jail, Dr. Gamble, and Prison Health Services (PHS).

Plaintiff claims that "between December 16, 2003 and January 28, 2004, defendants JCADC, Neosho County Jail and Prison Health Services subjected him to cruel and unusual punishment and medical malpractice while he was confined at the two county jails by denying and delaying medical treatment for ear infections. He alleges he has suffered pain and permanent hearing loss as a result. He seeks actual and punitive damages, including $100,000 for "future hospital bills."

Plaintiff has filed two motions for leave to file this action without payment of fees (Docs. 2 & 5), with supporting documentation indicating his current prison account balance is $0. Plaintiff has also filed a motion for appointment of counsel (Doc. 3). The court finds the latter motion should be

denied at this juncture.  However, a new motion for appointment of counsel may be filed by plaintiff at a later time.

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. 1915A(a)and (b).

Having reviewed the materials filed, the court finds this action is subject to being dismissed for two main reasons. First, plaintiff has not adequately pled exhaustion of administrative remedies on his claims.  42 U.S.C. 1997e(a) directs:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.; see also Porter v. Nussle, 534 U.S. 516, 520 (2002)(exhaustion requirement of Section 1997e(a) applies to all prisoners seeking redress for prison circumstances or occurrences); Booth v. Churner, 532 U.S. 731 (2001)(Section 1997e(a) requires prisoners to exhaust administrative remedies regardless of the relief sought and offered through administrative channels).  The Tenth Circuit has held that this provision imposes a pleading requirement on the prisoner, so that "a complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted'."  Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543

U.S. 925 (2004).  If the court determines that the prisoner has failed to exhaust available administrative remedies, it must dismiss the action.  Id. at 1212; Boss v. County Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).  In order to adequately plead exhaustion, the prisoner is required to "attach a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome."  Id.  Because the complaint in this case does not contain either written documentation to show exhaustion of administrative remedies, or describe with specificity any grievances filed at the jails and their outcome, the court finds it subject to being dismissed for failure to state a claim.

Second, plaintiff fails to name as defendants the persons who are alleged to have personally participated in acts which he claims amounted to cruel and unusual punishment and medical malpractice.  Personal participation in the alleged constitutional violations by the named defendants is an essential allegation in a Section 1983 suit.  Foot v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).  Plaintiff names one "person" as defendant, Dr. Gamble, but utterly fails to allege any facts demonstrating his personal involvement in delaying or denying treatment.  The county jails named as defendants are facilities run by counties, and the "Prison Health Services" is presumed to be a county agency.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  If plaintiff is seeking to impose

3

monetary liability on Johnson or Neosho County under Section 1983, he is required to identify a county "policy" or "custom" and allege how it directly caused his injuries. Board of County Com'rs of Bryan County, Okl. V. Brown, 520 U.S. 397, 404 (1997). Plaintiff must demonstrate that through deliberate conduct, the county was the "moving force" behind the injury alleged. Id. Absent amendment of the complaint to name defendants who personally participated in the alleged unconstitutional acts, no claim for relief is stated.

The court grants plaintiff an opportunity to amend his complaint to avoid dismissal for the reasons stated herein.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (Doc. 3) is denied.

**IT IS FURTHER ORDERED** that plaintiff is granted twenty (20) days to amend the complaint to avoid dismissal of the complaint for the reasons stated by the court.

**IT IS SO ORDERED**.

Dated this 25th day of January, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

4