IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


CHRISTOPHER M. KEARNS,

                    Plaintiff,

          v.                              CASE NO. 05-3491-SAC

JOHNSON COUNTY ADULT
DETENTION CENTER, et al.,

                    Defendants.

O R D E R

     This civil rights action was dismissed and all relief
denied by Memorandum and Order entered March 1, 2006.  On March
15, 2006, ten business days[1] after the court's Order was entered,
plaintiff mailed to the court a Motion to Reopen Case (Doc. 12),
Motion to Amend (Doc. 13), and Motion for Continuance (Doc. 14).
These motions were received and filed by the court on March 17,
2006.  Having considered these motions together with the file,
the court finds as follows.

     Regardless of how it is characterized, a post-judgment
motion made within ten days of the entry of judgment that
questions the correctness of a judgment is properly construed as
a motion to alter or amend judgment under Rule 59(e),
Fed.R.Civ.P. [hereinafter Rule 59(e)].  Skagerberg v. State of
Okl., 797 F.2d 881, 883 (10th Cir. 1986); see Hatfield v. Board
of County Com'rs, 52 F.3d 858, 861 (10th Cir. 1995), citing Van
Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991),

_____

     [1]   Under Fed.R.Civ.P. 6(a), "Saturdays, Sundays, and
legal holidays are excluded in measuring the 10-day period"
for Rule 59(e) purposes.

<u>cert</u>. <u>denied</u>, 506 U.S. 828 (1992).  District of Kansas local rule 7.3 also requires that a party seeking reconsideration of a court's dispositive order must file a motion pursuant to Rule 59(e).  The court construes plaintiff's Motion to Reopen Case (Doc. 12) as a Motion to alter or amend judgment under Rule 59(e).

Reconsideration under Rule 59(e) is appropriate on three grounds:  when there has been a manifest error of law or fact, when new evidence has been discovered, or when there has been a change in the relevant law.  <u>Brumark Corp. v. Samson Res. Corp.</u>, 57 F.3d 941, 948 (10th Cir. 1995); <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000).  A Rule 59(e) motion is not a second chance to direct the court to revisit issues already addressed or to present new arguments or supporting facts that could have been presented originally.  <u>See</u> <u>Vanskiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir. 1988).  A party cannot invoke Rule 59(e) to raise arguments or evidence that could and should have been presented in the first instance.

Plaintiff alleges as grounds for his motion that he has exhausted his administrative remedies and can now show the court the following: (1) a "proper claim" can be made with an attorney; (2) he can now name proper defendants and state their "direct involvement"; (3) exhaustion has been completed on his claims and to obtain all medical records; (4) he can satisfy the objective component, as the alleged denial of treatment is "for a longer period of time than previously stated;" (5) he can show deliberate indifference, risk and permanent harm; and (6)

"expiration of limitation on doctor is incorrect." The court
has considered each of these statements and whether or not they
constitute grounds for relief under Rule 59(e) or Rule 60(b),
and concludes they do not.

The complaint in this action alleged plaintiff had been
denied constitutionally adequate medical attention while
confined. On January 25, 2006, this court entered an order
(Doc. 6) after screening plaintiff's pleadings, in which it
found "this action was subject to being dismissed for two main
reasons." Those reasons were set forth as plaintiff's "failure
to adequately plead exhaustion of administrative remedies" as
required under 42 U.S.C. 1997e(a), and plaintiff's failure "to
name as defendants the persons who are alleged to have
personally participated in acts which he claims amounted to
cruel and unusual punishment and medical malpractice."
Plaintiff was given an opportunity to amend his complaint to
avoid dismissal based on these reasons.

After the time allowed had passed, the court reviewed the
materials filed by plaintiff and issued its Memorandum and Order
dismissing the action. It found therein that plaintiff did not
respond with facts sufficient to plead exhaustion and did not
respond with names of proper defendants and allege their
requisite personal participation. The court specifically found
in its order dismissing this action that plaintiff had failed to
allege facts indicating that Dr. Gamble, the only named
individual defendant, had personally participated in acts
amounting to deliberate indifference to plaintiff's serious

medical needs.  Plaintiff also failed to adequately respond to the court's order to show cause why his claims against government agencies were inadequate.

Plaintiff's allegations in his motion that with an attorney he can make a proper claim, he can now name proper defendants and state their involvement, can satisfy the objective component, and can show deliberate indifference, are completely conclusory.  Plaintiff's allegations that exhaustion has been completed and medical records have been obtained do not entitle him to relief from the court's judgment.  Plaintiff apparently exhausted administrative remedies while this action was pending rather than prior to filing, but in any event he failed to show exhaustion during the time provided in the court's show cause order.  Moreover, plaintiff has never alleged any facts as contained in his medical records in support of his claims.

Plaintiff's allegation that expiration of limitation on doctor is incorrect is also devoid of factual allegations. Plaintiff still does not allege any actions or inactions on the part of defendant Gamble or specify any acts by him prior to expiration of the two-year statute of limitations.  It is clear that plaintiff has not demonstrated, with his conclusory statements, that the court's judgment results in a manifest error of law or fact, that new evidence has been discovered, or that there has been a change in relevant law.  The court concludes  plaintiff's Rule 59(e) motion must be denied.

Plaintiff's "Motion to Amend" seeks to add at least 19

names to his complaint as "some of the responsible defendants." Not one act by any of these individuals is described. Thus, plaintiff's attempt to add proper defendants still fails to allege personal participation by any individual in denying requested, necessary medical attention. Plaintiff now suggests he was unable to obtain the names of these potential defendants prior to filing his action. However, the time for naming proper defendants (or specifying why he was previously unable to name them) was upon commencing the action, or certainly no later than in response to the court's order to show cause. Plaintiff's motion to amend is denied for this reason as well as because it is not an appropriate post-judgment motion given denial of plaintiff's Rule 59(e) motion.

Plaintiff's "Motion for Continuance" refers to "an abundance of new evidence" needed to comply with the court's previous orders. Plaintiff requests that the court reopen the case and grant a continuance until he is released from jail, has obtained an attorney, and has more medical tests. This is not an appropriate post-judgment motion in light of the denial of plaintiff's Rule 59(e) motion. Moreover, plaintiff's reference to new evidence, which might have been alleged as grounds for a rule 59(e) motion is completely conclusory, and as such is not adequate support for either motion. There is no allegation that the alleged new evidence could not have been discovered with diligence prior to filing the complaint.

The court concludes that no grounds are presented for plaintiff's motions, and they should be denied.

**IT IS THEREFORE BY THE COURT** ordered that plaintiff's Motion to alter or amend the judgment under Rule 59(e) (Doc. 12) is denied; plaintiff's Motion to Amend (Doc. 13) is denied, and plaintiff's Motion for Continuance (Doc. 14) is denied.

**IT IS SO ORDERED.**

Dated this 13th day of April, 2006, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge